(R.D. 11232)

BMC TRADING CORP. ET AL. *v.* UNITED STATES

Entry No. 259, etc.

(Decided October 27, 1966)

*Walter E. Doherty, Jr.,* for the plaintiffs.

*J. William Doolittle,* Acting Assistant Attorney General (*Avram Weisberger,* trial attorney), for the defendant.

NICHOLS, Judge: These appeals for reappraisement, consolidated at the trial, involve men's expansion watch bands exported from Japan during the period April 1962 through November 1963 and entered at the ports of Providence, R.I., and Boston, Mass. The merchandise, which is not on the final list published by the Secretary of the Treasury, T.D. 54521, was entered at $2.60 per dozen, net packed, and was appraised at $2.75 per dozen, net packed. The basis of appraisement, which is not disputed, is export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956. Plaintiffs claim that the entered value is correct. On plaintiffs' motion, the court ordered consolidated some 34 appeals.

Apart from the official papers, the evidence consists of an affidavit by Mr. Tsunagu Yamamoto, president of FTM Jewelry Corp., the exporter herein. He says his company sold the involved watch bands to the importer, BMC Trading Corp., at $2.60 per dozen, f.o.b. Yokohama, including packing, inland freight, storage, insurance, hauling and lighterage, and all other petty charges.

Sales to importer were on irrevocable letters of credit, payable immediately on shipment. Sales to other United States customers were on extended 90-day sight drafts, which "of course made a difference." The watch bands were offered to them at $2.75 per dozen with the same charges included. Sales to importer, according to a schedule attached to the affidavit, totaled 65,800 dozens, entered from October 24, 1961, to November 1, 1963. Sales to others, according to another schedule, totaled 23,650 dozens. This apparently "made a difference" also. Those sold to others than importer were manufactured by a different company, but whether they differed in any other respect is not stated.

This case resembles *F. B. Vandegrift & Co., Inc.* v. *United States,* 56 Cust. Ct. 715, R.D. 11169 (application for review pending), in that a more favored and more desirable purchaser buys in a larger aggregate

volume. The appraised value of $2.75 may or may not have been based on the FTM Jewelry Corp. price to the less favored purchasers.

Cf. *Aceto Chemical Co., Inc.* v. *United States*, 51 CCPA 121, C.A.D. 846. The appraiser presumably found that the merchandise was not "freely sold" at the $2.60 price; it may have been a negotiated price and plaintiffs have not offered proof that it was available to all others on the basis importer enjoyed. The appraiser presumably found such or similar merchandise was freely sold or offered by someone at the $2.75 price. The importer could not have qualified under the statute as a "selected purchaser at wholesale." See discussion and authority cited in *F. B. Vandegrift & Co., Inc.* v. *United States, supra.* Accordingly, the appraisal at $2.75 is not demonstrated to be erroneous and must stand.

I find as facts:

1. That the merchandise involved herein consists of men's expansion watch bands exported from Japan during the period April 1962 through November 1963.

2. That said merchandise is not on the final list published by the Secretary of the Treasury, T.D. 54521.

3. That the merchandise was invoiced and entered at $2.60 per dozen pieces, net packed.

4. That the merchandise was appraised on the basis of export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, at $2.75 per dozen pieces, net packed.

5. That on or about the dates of exportation, such or similar merchandise was not freely sold or freely offered for sale in Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, at $2.60 per dozen pieces, net packed.

6. That plaintiffs have failed to establish that such or similar merchandise was not freely sold or, in the absence of sales, freely offered for sale in Japan, to all purchasers in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, at $2.75 per dozen pieces, net packed.

I conclude as matters of law:

1. That export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for determining the value of the merchandise involved herein.

2. That said value is represented by the appraised values.

Judgment will be rendered accordingly.