(R.D. 11233)

AMERICAN BILTRITE RUBBER CO., INC., BOSTON WOVEN HOSE & RUBBER DIVISION *v.* UNITED STATES

Entry Nos. 2785; 4374.

(Decided October 27, 1966)

*Walter E. Doherty* for the plaintiff.
*J. William Doolittle*, Acting Assistant Attorney General (*Avram Weisberger* and *Andrew P. Vance*, trial attorneys), for the defendant.

NICHOLS, Judge: These two consolidated appeals involve two "mixing mills," imported from West Germany and entered at New Orleans, September 15 and October 25, 1961. They are not on the final list, T.D. 54521. Parties agree the proper basis of appraisement is export value. The appraiser found the export value to be the invoice unit values, net packed. Plaintiff claims the proper value should reflect a 15 percent discount which the German vendor granted plaintiff on both machines.

The special customs invoices show the discount in column 5, but not in column 7. In section V, answering question 4(B)(2), the vendor checked the "no" box, indicating that the column 7 price was not freely offered to anyone who wished to buy the goods for export to the United States.

At the hearing before me in Boston, April 21, 1966, plaintiff offered an affidavit by one Berstorff of the vendor company. He stated they gave plaintiff a 15 percent discount—

* * * taking into account (among other things) the fact that they ordered a total of 9 mills from us, and the fact that competitors of ours would cusomarily offer an equivalent discount for similar sales. * * *

He further says they customarily granted equivalent discounts in home sales, but during August, September, and October, 1961, they did not sell similar merchandise in the home market. They did not sell such or similar merchandise to anyone else for export to the United States, during that period, but at all times were:

* * * ready, willing and able to sell to all persons who so requested such and similar merchandise for exportation to the United States, on the same terms of sales and at the same prices as indicated above.

A pricelist is attached to the affidavit. It is in deutsche marks, but plaintiff in its brief says the list agrees with the invoice unit values

if one converts deutsche marks to dollars at 4.20 to one. The list makes no mention of any quantity discount.

Defendant offered no evidence.

Plaintiff falls between two stools. The affidavit does not prove the mills were "freely sold" at the discounted price. It does not deny that others less favored would have received a smaller discount or none. It is completely vague as to what any of them would have had to do to earn the 15 percent discount, plaintiff's qualifications besides volume of buying being concealed behind the words "among other things." Plaintiff argues in its brief that the 15 percent was a quantity discount for purchase of a "usual wholesale quantity" of nine or more. This reads into the affidavit what it does not say. Not only is the discount granted for purchasing nine mills "among other things," but it is not stated what quantity plaintiff ever purchased in one transaction or in any particular period of time. There is nothing in the invoice or affidavit (including the pricelist) to indicate that a discount was established for purchasing any particular quantity of mills, or more.

To qualify as a specially selected purchaser at wholesale plaintiff would have to show the merchandise was not freely sold or offered during the pertinent period, to refute the appraiser's presumed finding that it was. The evidence fails as to this.

Compare my decisions in *F. B. Vandegrift & Co., Inc.* v. *United States*, 56 Cust. Ct. 715, R.D. 11169 (application for review pending) ; and in *BMC Trading Corp. et al.* v. *United States*, 57 Cust. Ct. 662, R.D. 11232, decided today; wherein the authorities are cited that I consider pertinent to the problems considered above.

Nothing said herein implies any determination as to how the appraiser made his appraisement or whether it is severable as plaintiff claims.

I find as facts:

1. That the merchandise involved herein consists of mixing mills imported from West Germany in September and October 1961.

2. That the involved merchandise is not on the Final List of the Secretary of the Treasury, T.D. 54521.

3. That the merchandise was appraised on the basis of the export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, at the invoice unit prices without discount.

4. That on or about the dates of exportation, such or similar merchandise was freely sold or freely offered for sale in West Germany, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, at the invoice unit values; that plaintiff has failed to establish either that the price at which the mer-

chandise was freely sold or offered to all purchasers varied in accordance with the quantity purchased or that any discount was freely offered to all purchasers by the seller.

I conclude as matters of law:

1. That export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the within merchandise.

2. That such value is represented by the appraised values.

Judgment will be rendered accordingly.